*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★ ★



# OPINION

No. 04-11-00192-CV

## IN RE T.R.B.

Original Mandamus Proceeding[1]

Opinion by:    Rebecca Simmons, Justice

Sitting:        Karen Angelini, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   June 1, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On March 11, 2011, relator T.R.B. filed a petition for writ of mandamus, complaining the trial court abused its discretion in denying T.R.B. her right to a jury trial in a child custody case, and in failing to present the issue of real party in interest D.S.'s standing to the jury for a determination. We conditionally grant mandamus relief.

## BACKGROUND

Relator T.R.B. is the adoptive mother of Y.B. (age 16), K.B. (age 12), and T.B. (age 9). T.R.B. is the girls' only legal parent. On April 22, 2007, T.R.B. married D.S., but they later

---

[1] This proceeding arises out of Cause No. 2008-CI-03913, styled *In the Interest of Y.B., et al., Minor Children,* pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable David A. Berchelmann presiding. However, the rulings complained of in the petition for writ of mandamus were made by the Honorable Peter Sakai, presiding judge of the 225th Judicial District Court, Bexar County, Texas.

separated. On March 10, 2008, D.S. filed a suit affecting the parent-child relationship (SAPCR) seeking conservatorship of the girls. T.R.B. filed a general denial and a plea to the jurisdiction challenging D.S.'s standing to bring suit. The trial court concluded D.S. did not have standing to bring suit, and granted T.R.B.'s plea to the jurisdiction. D.S. filed an interlocutory appeal in this court. Sitting *en banc*, this court concluded D.S. raised a fact question regarding his standing that would need to be resolved by the trier of fact. Therefore, we reversed the trial court's judgment and remanded the case to the trial court for further proceedings consistent with the opinion. *In the Interest of Y.B.*, 300 S.W.3d 1 (Tex. App.—San Antonio 2009, pet. denied).

While the interlocutory appeal was pending before this court, T.R.B.'s youngest daughter T.B. made a sexual assault outcry against her eldest sister Y.B. After an investigation by the Texas Department of Family and Protective Services (the Department), it was determined that an assault had occurred, and, therefore, T.R.B. requested the Department remove Y.B. from her home. On June 12, 2009, the Department filed a parental termination suit in Cause No. 2009-PA-01189, seeking to terminate T.R.B.'s parental rights to Y.B., to which T.R.B. consented. Because Y.B. also made abuse allegations against T.R.B., the Department filed a parental termination suit against T.R.B. in Cause No. 2010-PA-02037 for the termination of T.R.B.'s parental rights to the remaining two children K.B. and T.B. In response, D.S. and Y.B. sought to intervene in the termination case, and the Department filed a motion to strike their interventions and all pleadings. The motion to strike was denied.

On October 18, 2010, all parties attended mediation, and agreed to the following: (1) to have one single trial "that encompasses all the parties, issues and causes"; (2) to have the trial court grant a mistrial in Cause No. 2009-PA-01189 (parental termination suit as to Y.B.; (3) to consolidate Cause No. 2010-PA-02037 (parental termination suit as to all three girls) into Cause

No. 2008-CI-03913 (the original SAPCR filed by D.S.); and (4) to set the case for a consolidated jury trial on December 6, 2010 under consolidated Cause No. 2008-CI-03913. The trial court adopted the parties' agreement and consolidated Cause No. 2010-PA-02037 (parental termination suit as to all three girls[2]) into Cause No. 2008-CI-03913 (the original SAPCR filed by D.S.). Likewise, the trial court granted a mistrial in Cause No. 2009-PA-01189 (termination as to Y.B.), and dismissed the case pursuant to a nonsuit on December 7, 2010.

On December 6, 2010, D.S. filed a motion to determine standing, and T.R.B. filed a motion to bifurcate, requesting the standing issue be tried before the merits of the case.[3] The consolidated case proceeded to trial, and the parties selected a jury. The Department called T.R.B. as its first witness. On December 23, 2010, after presenting several days of evidence, but before the Department rested and before T.R.B. presented her case, all parties except T.R.B. announced they had reached an agreement the evening before. According to the settlement, the Department, D.S., and the various ad litem attorneys agreed that the Department and D.S. would be joint managing conservators of the children with no primary conservator designated, and that T.R.B. would be named possessory conservator with no right of possession. On the record, T.R.B. objected to the agreement and complained she was being denied her right to a jury trial. The trial court overruled T.R.B.'s objections and verbally directed a verdict for the Department and D.S., with the terms of T.R.B.'s possession, if any, to be determined at a later date. In the response filed in this court, Judge Sakai explains that "as the Relator had no request for affirmative relief on file, and as all other parties had entered into a settlement agreement, there was no longer a jury issue and a directed verdict was entered." This petition for writ of mandamus ensued.

---

[2] Y.B. was added to the case through the First Amended Petition, which sought to terminate T.R.B.'s parental rights to all three of the children.

[3] These motions were not resolved prior to the directed verdict or at any time during the proceedings.

## DISCUSSION

### I.      Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. In cases involving child custody, "[j]ustice demands a speedy resolution," and "appeal is frequently inadequate to protect the rights of parents and children." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006). The Supreme Court has previously held that an appeal is inadequate because the children, the subject of the suit, would remain in the Department's custody and it was unknown when the trial court would issue a final order subject to appeal. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 645 (Tex. 2009) (holding appeal is inadequate when the Department was holding the children in its custody despite its retaining them in violation of a statutory provision).

In the trial court's response to the petition for writ of mandamus, the court asserts T.R.B. has an adequate remedy by way of an accelerated appeal. *See* TEX. FAM. CODE ANN. § 263.405 (West 2008). However, due to the complexity of this child custody case, we hold T.R.B. lacks an adequate remedy by appeal. The children are currently in foster care. This case has been in the trial court system since the original SAPCR was filed in 2008. T.R.B. has been denied possession of her children and her basic right to a jury trial of the conservatorship issue. Despite the grant of the directed verdict in December of 2010, no judgment has been entered and the

ultimate placement of the children remains uncertain.  Requiring T.R.B. and the children to wait for the trial court to finalize the judgment and change the children's placement before appealing to this court would unnecessarily prolong a final resolution of this case.  Therefore, we conclude T.R.B. lacks an adequate remedy by appeal and mandamus relief is appropriate in this case.

## II.       Directed Verdict

T.R.B. complains the trial court erred in granting a directed verdict before she was able to present her evidence to the jury.  The Texas Constitution guarantees that the right to a trial by jury "shall remain inviolate."  TEX. CONST. art. I, § 15.  Section 105.002 of the Family Code provides that a party is entitled to a verdict by the jury and the court may not contravene the jury verdict on the issue of conservatorship.  *See* TEX. FAM. CODE ANN. § 105.002 (West 2008).[4] Although a trial court may not disregard a jury finding under section 105.002, the trial court may grant a directed verdict before the jury's verdict is rendered if warranted by the evidence.  *See In re Z.A.T.*, 193 S.W.3d 197, 205 n.4 (Tex. App.—Waco 2006, pet. denied).[5]  However, in this case the trial court entered a directed verdict based on a perceived pleading error rather than the evidence.  We turn then to the status of the case and pleadings at the time the court directed the verdict.

In the consolidated case, D.S. sought to: (1) reduce T.R.B.'s status from sole managing conservator to joint managing conservator; (2) deny T.R.B. the right to determine the primary residence of the children; and (3) deny T.R.B. access to the children.  Pursuant to section 153.005 and 263.404 of the Family Code, the Department sought to reduce T.R.B.'s status from

---

[4] "A party is entitled to a verdict by the jury and the court may not contravene the jury verdict on the issues of: (A) the appointment of a sole managing conservator; (B) the appointment of joint managing conservators; (C) the appointment of a possessory conservator . . . ."

[5] A court may direct a verdict if no evidence of probative force raises a fact issue on a material element of the plaintiff's claims or if the evidence conclusively establishes a defense to the plaintiff's cause of action. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).

sole managing conservator of all of the children to possessory conservator, and alternatively, sought to terminate her parental rights to all three of her children. T.R.B. opposed diminishing her conservatorship and filed a general denial and plea to the jurisdiction relating to the standing of D.S.

As noted earlier, the trial court granted a directed verdict in favor of the Department and D.S. before they completed their case in chief and before T.R.B. had an opportunity to present her evidence. In granting the directed verdict, the trial court specifically did not rely on the evidence but rather pointed to a pleading deficiency: "[t]he Court is making a finding that as a matter of law that [T.R.B.'s] failure to assert affirmative relief, [sic] the Court is accepting the settlement agreement of all other parties that are parties to this suit. There is no longer a question to the jury. I am taking this matter away from the jury and directing a verdict in compliance and accordance with the settlement agreement made by the parties, save and except your client."[6] In its response to the petition for writ of mandamus, the trial court maintains that because T.R.B. filed only a general denial in the SAPCR proceeding and did not assert any affirmative relief, once the Department and D.S. came to an agreement on conservatorship there was no jury issue remaining and T.R.B. could not present evidence.[7]

Granting a directed verdict before any party has rested is very unusual. "Ordinarily, a directed verdict should not be granted against a party before the party has had a full opportunity to present its case and has rested." *Tana Oil and Gas Corp. v. McCall*, 104 S.W.3d 80, 82 (Tex.

---

[6] We note that at the December 23, 2010 hearing regarding the settlement agreement, the trial court acknowledged there is a rebuttable parental presumption, but then noted limitations on the presumption based on family domestic violence. *See* § 153.004. The trial court then went on to explain that the only issue that could go to the jury once the Department and D.S. came to an agreement was whether T.R.B. would be appointed possessory conservator, which she was already being awarded under the settlement agreement. On appeal, neither the parties nor the trial court argue that T.R.B. was only entitled to possessory conservatorship because of any family or domestic violence.

[7] The record reflects that at the time of the directed verdict, the trial court was uncertain whether the general denial was filed in the consolidated case or in the case that was non-suited. The record reflects that several counsel at trial erroneously represented that no general denial was on file in the consolidated case.

2003) (citing *Wedgeworth v. Kirskey*, 985 S.W.2d 115, 115 (Tex. App.—San Antonio 1998, pet. denied) ("[Directing a verdict] is reversible error if done before the plaintiff has presented all his evidence."); *Nassar v. Hughes*, 882 S.W.2d 36, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (same); *Buckner v. Buckner*, 815 S.W.2d 877, 878 (Tex. App.—Tyler 1991, no writ) ("The motion for instructed verdict [granted before trial had commenced] was premature."); *Ormsby v. Travelers Indem. Co.*, 573 S.W.2d 281, 285 (Tex. Civ. App.—Waco 1978, no writ)); *see also State Office of Risk Mgmt. v. Martinez*, 300 S.W.3d 9, 11 (Tex. App.—San Antonio 2009, pet. denied) (holding ordinarily a directed verdict should not be granted before the opposing party has had a full opportunity to present its case). However, an instructed verdict may be proper when a defect in the opponent's pleadings makes it insufficient to support a judgment. *See Rudolph v. ABC Pest Control*, *Inc.*, 763 S.W.2d 930, 932 (Tex. App.—San Antonio 1989, writ denied); *see also Double Ace, Inc. v. Pope*, 190 S.W.3d 18, 26 (Tex. App.—Amarillo 2005, no pet.). Therefore, the issue is whether the general denial filed by T.R.B. was sufficient to raise an issue on conservatorship.

In the context of this case, T.R.B.'s general denial was sufficient to contest any change in conservatorship. *See* TEX. R. CIV. P. 92 ("[a] general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue."). "[A] general denial puts the plaintiff . . . on proof of every fact essential to his case and issue is joined on all material facts asserted by plaintiff, . . . except those which are required to be denied under oath." *Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 744 (Tex. 1973). T.R.B. clearly asserted her rights as the sole parent in this case and contested any change in conservatorship.

In its response, the trial court relies on *In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]), for the proposition that to satisfy Texas's fair

notice pleading standard, a respondent in a family law case must describe in her pleadings "'what action the court is requested to take concerning the child and the statutory grounds on which the request is made.'" *Id.* (quoting TEX. FAM. CODE ANN. § 102.008(b)(10) (West 2008)). However, subsection 102.008(b)(10) only pertains to the requirements for a petition filed in a SAPCR case. *See* TEX. FAM. CODE ANN. § 102.008(b). It does not require a child's only parent who has full parental rights to allege anything more than a general denial to give fair notice she wishes to retain those rights in a SAPCR filed to diminish those rights. *See id.*

The burden of proof, at trial, was on the Department and D.S. There is a rebuttable presumption that a parent, such as T.R.B., shall be appointed sole managing conservator unless the court finds that appointment of the parent would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development. TEX. FAM. CODE ANN. §§ 153.131; 263.404(a) (West 2008). "The presumption that the best interest of a child is served by awarding custody to a natural parent is deeply embedded in Texas law." *Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex. 1990). The requirement that the nonparent show "that appointment of the parent would significantly impair the child's physical or emotional development creates a strong presumption in favor of parental custody and imposes a heavy burden on [the] nonparent" who is seeking custody. *Id.* at 167. "[T]he nonparent must affirmatively prove by a preponderance of the evidence that appointment of the parent as managing conservator would *significantly impair* the child, either physically or emotionally." *Id.* The nonparent must do so by offering evidence of specific actions or omissions of the parent that demonstrates that awarding custody to the parent would result in physical or emotional harm to the child. *Id.* The Supreme Court has recognized that "[w]hile trial courts should be afforded broad discretion in deciding family law questions, the Legislature

has explicitly limited the exercise of that discretion when a nonparent seeks appointment as managing conservator." *Id.* at 168.

We conclude T.R.B.'s general denial was sufficient to require the Department and D.S. to carry their burden when seeking to reduce or eliminate T.R.B.'s conservatorship status. As the only legal parent of the children, T.R.B. was the sole managing conservator when trial began. Both the Department and D.S. sought to reduce or eliminate her conservatorship status. In order to accomplish that, both the Department and D.S. had to meet their burden. The trial court's belief that the general denial was insufficient to raise a fact issue on T.R.B.'s conservatorship neglects the burden of proof in this consolidated case. We conclude the trial court abused its discretion in granting the directed verdict.

## III.    Standing

Because the petition for writ of mandamus has been conditionally granted and the case will be remanded to the trial court for a jury trial, we briefly address the standing issue. This court previously concluded D.S. raised a fact question regarding his standing to pursue his SAPCR, and, therefore, we reversed the trial court's judgment that granted the plea to the jurisdiction and remanded the case to the trial court for further proceedings consistent with our opinion. *See Y.B.*, 300 S.W.3d at *6. T.R.B. complains the trial court abused its discretion by not permitting the standing issue to be resolved by the trier of fact in accordance with our prior opinion. *Id.* The trial court responds that the issue of standing is moot because once D.S. and the other parties reached a settlement agreement, T.R.B. was left with insufficient pleadings to raise any issue for the jury. The trial court also notes that at the time it granted the directed

verdict, T.R.B. did not argue nor reassert the issue of standing.[8]  However, as we noted in our prior opinion, "Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law."  *Id.* at \*4.  Therefore, the issue of D.S.'s standing to seek the affirmative relief sought in his SAPCR remains to be resolved by the trier of fact.

## CONCLUSION

We conclude the trial court abused its discretion in granting the directed verdict. Therefore, we conditionally grant the petition for writ of mandamus and order the trial court to proceed in a manner consistent with this opinion.  The writ will issue only if the trial court fails to comply with this court's opinion.

Rebecca Simmons, Justice

---

[8] D.S. and T.R.B, both filed motions immediately prior to trial seeking to resolve the standing issues.  T.R.B. continued to assert D.S. had no standing.  Neither motion was ruled upon prior to the directed verdict or at any time during the proceedings.