Barbara A. COX and K.A.R.E. # 5, LLC, Appellants

v.

Jeffrey OWEN; Kimberly Owen; Charles Darst; and CD Management, LLC, Appellees.

No. 2013–CA–000024–MR.

Court of Appeals of Kentucky.

Sept. 19, 2014.

As Modified on Rehearing Dec. 5, 2014.

Joseph Michael Kelly, Louisville, KY, for appellants.

Patrick W. Gault, Louisville, KY, for appellees.

Before CLAYTON, COMBS, and NICKELL, JUDGES.

*OPINION*

CLAYTON, Judge:

This is an appeal from a jury verdict, summary judgment and directed verdict in the Jefferson Circuit Court. Based upon the following, we affirm in part, reverse in part, and remand.

## BACKGROUND SUMMARY

KARE # 5, LLC is owned by Appellant Barbara Cox. Cox sold two properties, 4200 Wallingford Lane and 7604 South Third Street, to CD Management, LLC, which is owned by Appellee Charles Darst. The Wallingford property was sold on December 12, 2007, for $495,000 and the Third Street property was sold on January 3, 2008, for $750,000.

Appellees Jeffrey and Kimberly Owen, who had been leasing the property, agreed to sign promissory notes and mortgages for a portion of the cost of the property as well as an additional $33,000 which was owed to Cox by the Owens for other debts.

Based upon the financing arrangement, Town and Country Bank financed $371,250, and the Owens signed a promissory note for $149,750 for the Wallingford property. For the Third Street property, Town and Country financed $562,000, and the Owens executed a promissory note in the amount of $195,000. Darst had an agreement with the Owens that he would sell them the properties within two years, since they had been leasing the properties from K.A.R.E., but could not obtain financing for them on their own.

Due to the financial arrangement, the Owens stopped making lease payments to Cox. They stated that they believed the purchase of the properties was for themselves. Barbara Cox then filed an action in Jefferson Circuit Court against the Owens for failure to make payments pursuant

to the promissory notes. She later added Darst and CD Management as defendants.

The trial court entered summary judgment in favor of Darst and CD Management on the issues of breach of contract and unjust enrichment. It later directed a verdict on the remaining issue of fraud against these two defendants. A jury trial was held in July of 2012 and the jury found in favor of the Owens. The trial court entered a Judgment in keeping with the jury's verdict.

The Appellants made a motion for judgment notwithstanding the verdict, which the trial court denied. They then brought this appeal arguing issues involving all of the defendants below.

## DISCUSSION

■ The Appellants first assert that it was error for the trial court to direct a verdict against them before a jury was impaneled. Kentucky Rules of Civil Procedure (CR) 50.01 provides that:

A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made.

Appellants argue that this rule contemplates that motions for a directed verdict will be made at the close of evidence presented by a party during trial, rather than prior to trial. The Appellees, however, argue that the Appellants' notice of appeal on this issue was untimely filed and, thus, must be dismissed. We agree with the Appellants' argument.

CR 73.02(1)(a) provides that:

The notice of appeal shall be filed within 30 days after the date of notation of service of the judgment or order under Rule 77.04(2).

CR 77.04(2) provides that:

The clerk shall make a note in the case docket of the service required in paragraph (1) of this rule and the notation shall show the date of service. The date of the notation on the docket of the service and notice of entry ... shall be the date of entry for the purpose of fixing the running of the time for appeal under Rule 73.02(1).

The Appellees argue that the dates of the order granting summary judgment and directing a verdict in their favor were such that the motion to appeal was untimely. They also argue that the motion notwithstanding the verdict was untimely since it had to have been served within ten days after the entry of the final judgment and the order granting summary judgment was final and appealable.

In order to aid in the determination of the timeliness of the events in the trial court, a listing of the chronological events is as follows:

March 23, 2012: Court granted Appellees' Motion for Summary Judgment on Breach of Contract and Unjust Enrichment Claims; Denied on Fraud Claim

July 10, 2012: Court granted Appellees' Motion for Directed Verdict on Fraud Claim

July 26, 2012: Appellants filed a Motion for New Trial and to Alter, Amend, or Vacate the granting of Summary Judgment and Directed Verdict.

In its order denying Appellants' Motion to Alter, Amend or Vacate, the trial court held that:

CR 59.05 requires that a motion to alter, amend or vacate a judgment is to be served within 10 days after the entry of the final judgment. While denial of summary judgment is not ordinarily ap-

pealable as an interlocutory order, an order granting summary judgment is final and appealable. Therefore, Plaintiff's challenge as to the dismissal of Counts I and II of the Complaint are untimely.

■ The Motion for Summary Judgment was not made final due to the remaining issue of fraud. This, coupled with the lack of language making the summary judgment ruling final and appealable, made the motion timely. As for the directed verdict prior to the trial, it was error for the trial court to direct a verdict prior to the plaintiff's case being presented.

In denying the Appellants' motion to alter, amend or vacate the directed verdict, the trial court held as follows:

At the time summary judgment was entered, Plaintiffs alleged several misrepresentations propounded by Darst and/or CD Management, LLC. Those allegations raised sufficient questions of fact for the Court to decide summary judgment was inappropriate at that time. However, Plaintiffs' proposed jury instructions alleged a single misrepresentation, that Charles Darst said the Owens would sign promissory notes and mortgages for the subject properties. As was argued before the Court prior to voir dire, misrepresentation as to a future promise or an opinion of a future event is not actionable fraud under Kentucky law. *RadioShack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky.App. 2007). Furthermore, as it turns out, the Owens did in fact sign promissory notes and mortgages as Darst promised.

CR 51(1) provides that, "[a]t any time before or during a trial, the court may direct the parties to tender written instructions. At the close of the evidence any party may move the court to instruct the jury on any matter appropriate to the

issues in the action." Thus, while the trial court relied on jury instructions submitted prior to trial, additional jury instructions could have been tendered and the Appellants could have moved the trial court at the close of the evidence to instruct the jury on the fraud charge.

In *Spivey v. Sheeler*, 514 S.W.2d 667, 673 (Ky.1974), the Kentucky Supreme Court held that:

In ruling upon a motion for directed verdict, the trial court must "draw all fair and rational inferences from the evidence in favor of the party opposing the motion, and a verdict should not be directed unless the evidence is insufficient to sustain the verdict. The evidence of such party's witnesses must be accepted as true."

In this case, the verdict was directed before any evidence was provided. Thus, the trial court erred in directing the verdict prior to evidence being given.

In the case of *In re T.R.B.*, 350 S.W.3d 227 (Tex.App.2011), the Texas Court of Appeals held that the trial court abused its discretion in granting a directed verdict prior to proof being given on the issue. We agree. Thus, we reverse the decision of the trial court granting a directed verdict on the issue of fraud in favor of Darst individually and CD Management.

■ The Appellants next contend that it was error for the trial court to grant summary judgment in favor of CD Management and Darst on the issues of breach of contract and unjust enrichment. In determining that summary judgment should be granted on the issue of breach of contract, the trial court held as follows:

... regardless of the circumstances underlying the Plaintiffs' decisions surrounding the conveyances, the lack of ambiguity in the working of the deeds requires this court to construe the deeds

according to their terms, rather than according to either party's underlying intent or the source of funds applied to the property's purchase.

A deed "is ambiguous when its language is reasonably susceptible of different constructions." *Blevins v. Riedling,* 289 Ky. 335, 158 S.W.2d 646, 648 (Ky.App. 1942). Absent an ambiguity, "the intention of the parties is to be gathered from the four corners. of the instrument." *Phelps v. Sledd,* 479 S.W.2d 894, 896 (Ky. 1972).

In the present case, the trial court examined the document and found it unambiguous, then gave plain meaning to the language within the instrument in making its determination that there was no breach of contract. We agree with the trial court's interpretation of the language of the contract and, therefore, find that summary judgment was warranted on the issue of breach of contract.

The Appellants also assert that it was error for the trial court to give an instruction which joined the issues of the promissory notes and the mortgages into the same instruction. They argue that the trial court should not have joined the promissory notes and the mortgages into the same instruction since each instrument should have stood on its own merits. The Appellants assert that, by tying the documents together and requiring them to establish that both documents were valid and binding, the trial court erroneously instructed the jury in a way that prejudiced the Appellants and prevented them from having a fair trial. The Appellants do not set forth with any specificity, however, any case law examining this issue finding that an instruction in this form would not be allowed, nor do we find any law on this issue. Thus, we affirm the trial court's decision regarding the jury instruction.

The Appellants also contend that it was error for the trial court to give separate instructions for Jeffrey and Kimberly Owen when their liability was joint and several as co-makers on the promissory notes. While we agree that their liability was joint and several, the Appellants have not set forth how they were prejudiced by this decision by the trial court. Thus, we affirm the decision of the trial court.

Finally, the Appellants argue that it was error for the trial court to not grant a directed verdict for Cox on her claim for breach of contract on the promissory notes. Specifically, they argue that, at the close of evidence, Cox moved the court for a directed verdict against the Owens for breach of contract on the two promissory notes. While the promissory notes acknowledge receipt of "value received," it does not set forth what the value was, and the Owens testified that there was no consideration. Given these facts, it was not error for the trial court to deny a directed verdict on this issue.

Based upon the above, we affirm the decision of the trial court in part, reverse in part, and remand.

ALL CONCUR.