

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00161-CV

Stephen D. **AGUILAR**,
Appellant

v.

Gianinna J. **AGUILAR**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CI07010
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Lori I. Valenzuela, Justice
            Adrian A. Spears II, Justice
            Velia J. Meza, Justice

Delivered and Filed: May 28, 2025

VACATED IN PART; REVERSED AND REMANDED IN PART

Appellant Stephen D. Aguilar challenges a December 6, 2023 order granting a money judgment and wage-withholding order in favor of appellee Gianinna J. Aguilar. We vacate the wage-withholding portion of the trial court's order and dismiss Gianinna's request for that relief. We reverse the remainder of the trial court's order and remand this matter for further proceedings consistent with this opinion.

## BACKGROUND

Stephen and Gianinna divorced in 2014. During their divorce, they entered into a settlement agreement which provided that "[Stephen] will pay the sum of $600 per month to [Gianinna] as spousal maintenance for 24 mos. [beginning] on the first day of the first month following entry of the decree." The trial court signed a July 9, 2014 final decree of divorce that incorporated this agreement.

Five years later, Gianinna filed a "Petition for Enforcement of Spousal Maintenance" (the "enforcement petition"). She alleged Stephen had not made any of the $600 monthly payments and asked that he "be held in contempt, jailed, and fined for each" alleged violation. She also requested a money judgment of $28,800 and "an order for the withholding of income for the payment of the arrearage." Stephen answered with a general denial.

On August 30, 2023, the parties appeared in the trial court for a hearing. Neither Gianinna nor Stephen testified or presented documentary evidence. Gianinna's attorney argued that Stephen owed spousal maintenance arrearages of $28,800. Stephen's attorney argued that the final decree of divorce provided for contractual alimony, not spousal maintenance; that Stephen had paid at least part of the debt he owed under the decree; and that the statute of limitations barred other portions of the debt. Stephen's attorney also represented that he could no longer afford to pay $600 a month and had already made a settlement offer within his financial means. At the conclusion of the hearing, the trial court told Stephen's and Gianinna's attorneys "to work out the details" and "[w]rite something up, and then bring it back over so that I can approve," adding, "If there's anything you don't approve of, let me know and we can discuss it further." The trial court then signed judge's notes that stated:

Parties agree to Motion to Enter in the 57th @ 11:30 A.M. in order to come to a settlement agreement of their own. The Court's ruling is as follows:

$ 25,800 - s/s arrears
9,600 - 1/3 Today
_____
19,200 - 10/2023
- 1,000
_____
18,200/36 - $505.56/mo.
until balance is zero.

FILED
10:26 O'CLOCK a M
AUG 3 0 2023
GLORIA A. MARTINEZ
District Clerk, Bexar County, Texas
BY _____ DEPUTY

On August 30, 2023, the parties' attorneys signed a Rule 11 agreement providing that if Stephen paid Gianinna $20,000 by September 30, 2023, Gianinna would nonsuit the petition for enforcement. The agreement further provided that if Stephen did not make that payment, the parties would return to the trial court for entry of the ruling recited in the judge's notes.

On September 22, 2023, Stephen filed an amended answer that repeated his general denial and asserted several affirmative defenses. Among Stephen's defenses were the statute of limitations, ability to pay, and prior payment issues he had asserted during the August 30 hearing. On September 28, 2023, Stephen filed a motion asking the trial court to reconsider the ruling recited in the judges' notes. At that time, the trial court had not yet signed a written order on the enforcement petition.

On December 6, 2023, the trial court signed an order granting the enforcement petition. In its order, the trial court found Stephen had failed to make 48 "spousal maintenance" payments required by the final decree of divorce; that he was able to pay in the amounts and on the dates ordered; and that he had the ability to comply on the day of the August 30 hearing. The trial court

found Stephen in contempt, awarded Gianinna a money judgment of $28,800 plus attorney's fees and court costs, and ordered that the award to Gianinna "shall be payable through a withholding of earnings for spousal maintenance." Stephen filed a motion for new trial, which was overruled by operation of law. He then filed a notice of appeal.

Contemporaneously with this direct appeal, Stephen filed an original mandamus proceeding that challenged the contempt provisions of the trial court's order. *See In re Aguilar*, No. 04-22-00222-CV, 2025 WL 262449, at *1 (Tex. App.—San Antonio Jan. 22, 2025, orig. proceeding) (mem. op.); *see also In re C.C.E.*, No. 04-20-00416-CV, 2021 WL 3173913, at *2 (Tex. App.—San Antonio July 28, 2021, no pet.) (mem. op.) (contempt findings cannot be reviewed on direct appeal). In that proceeding, this court held that "the spousal maintenance provision at issue was a court-approved voluntary obligation under Chapter 7 of the Texas Family Code rather than a court-ordered spousal-maintenance award under Chapter 8." *In re Aguilar*, 2025 WL 262449, at *3. We concluded the trial court abused its discretion by holding Stephen in contempt, and we ordered the court to vacate the contempt findings in the December 6, 2023 order. *Id.* The trial court subsequently complied with our order.

We now turn to the issues presented by this direct appeal.

## ANALYSIS

Stephen argues the trial court abused its discretion by granting Gianinna's requests for a money judgment and a wage-withholding order. He presents five sub-issues in support of this argument.

### *Standard of Review*

"Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard[.]" *Smith v. Hickman*, No. 04-19-00182-CV, 2020 WL 1442663, at \*1 (Tex. App.—San Antonio Mar. 25, 2020, no pet.) (mem. op.) (internal quotation marks omitted). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or made without reference to guiding rules or principles. *See, e.g.*, *In re R.E.S.*, 482 S.W.3d 584, 586 (Tex. App.—San Antonio 2015, no pet.). A trial court does not abuse its discretion if its decision is supported by some probative evidence. *Smith*, 2020 WL 1442663, at \*1.

In family law cases, challenges to the legal and factual sufficiency of the evidence are not independent grounds of error but are instead factors to consider in determining whether the trial court abused its discretion. *See In re R.H.B.*, 660 S.W.3d 136, 158 (Tex. App.—San Antonio 2022, no pet.). In a legal sufficiency challenge, we must determine whether the evidence, when viewed in the light most favorable to the judgment, would permit "reasonable and fair-minded people to reach the verdict under review." *In re Guardianship of C.E.M.-K.*, 341 S.W.3d 68, 80–81 (Tex. App.—San Antonio 2011, pet. denied). In a factual sufficiency review, we consider whether the evidence supporting the challenged finding is so weak or so against the overwhelming weight of the evidence as to render the finding clearly wrong and unjust. *See In re A.D.*, 474 S.W.3d 715, 722 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "In reviewing the sufficiency of the evidence under an abuse of discretion standard, we consider: '(1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion.'" *In re R.H.B.*, 660 S.W.3d at 158 (quoting *In re Guardianship of C.E.M.-K.*, 341 S.W.3d at 80).

### *Contractual Alimony*

In his fifth sub-issue, Stephen argues that any obligation he owes to Gianinna consists solely of voluntary contractual alimony, not court-ordered spousal maintenance. Because our resolution of this question is relevant to Stephen's remaining sub-issues, we address it first.

"Texas law distinguishes between court-ordered spousal-maintenance awards under Chapter 8 [of the Texas Family Code] and court-approved voluntary obligations under Chapter 7." *Dalton v. Dalton*, 551 S.W.3d 126, 131 (Tex. 2018). The two kinds of obligations differ in how they are created, who is eligible to benefit from them, and how they may be enforced. *See id.* at 130–34; TEX. FAM. CODE §§ 7.006, 8.051–.055; *Kee v. Kee*, 307 S.W.3d 812, 815–16 (Tex. App.— Dallas 2010, pet. denied) ("A legal obligation to support a spouse [under Chapter 8] is enforceable by contempt, but a promise to pay contractual alimony creates nothing more than a debt."). As noted above, another panel of this court has already held that the obligation at issue here is a court-approved voluntary obligation under Chapter 7, not court-ordered spousal maintenance under Chapter 8. *In re Aguilar*, 2025 WL 262449, at *3. We agree with—and are bound by—this prior holding. *See, e.g.*, *Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We therefore sustain Stephen's fifth sub-issue.

Our holding in *In re Aguilar* is also dispositive of Stephen's fourth sub-issue, which argues the trial court's wage-withholding order is void. The Texas Supreme Court has held that voluntary contractual alimony cannot be enforced through a wage-withholding order "unless the parties specifically agreed to that enforcement method." *Dalton*, 551 S.W.3d at 134. Nothing in the record indicates the parties agreed to enforce the contractual alimony at issue here through wage withholding. *See id.* We therefore sustain Stephen's fourth sub-issue and hold that the trial court's wage-withholding order is void. *Id.* at 130, 143. We vacate the wage-withholding portion of the

trial court's December 6, 2023 order and dismiss Gianinna's request for that relief. TEX. R. APP. P. 43.2(e).

### *Evidentiary and Due Process Issues*

In his first, second, and third sub-issues, Stephen argues the trial court abused its discretion by granting the enforcement petition because: (1) it did not hear legally or factually sufficient evidence to support a money judgment in Gianinna's favor; (2) the trial court violated his due process rights by granting the enforcement petition without a trial or an enforceable settlement between the parties; and (3) Stephen revoked his consent to the Rule 11 agreement before the trial court rendered judgment. Because these sub-issues overlap, we will consider them together.

As explained above and in *In re Aguilar*, Stephen's alleged obligation to Gianinna arose out of an agreement to pay contractual alimony. *See In re Aguilar*, 2025 WL 262449, at *3. That agreement created a debt that was enforceable as a contract. *See Dalton*, 551 S.W.3d at 134. Like any contested issue, a contract dispute may be resolved by "trial on the merits, either to a jury or the bench, motions for summary judgment, or agreements by the parties to compromise some or all of a party's claims." *In re Park Mem'l Condo. Ass'n*, 322 S.W.3d 447, 451 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). "Except by these methods, however, a trial court cannot resolve a disputed issue." *Id.*

Gianinna did not file a motion for summary judgment, and the trial court did not conduct a jury trial. We must therefore determine whether the trial court could properly grant the enforcement petition either: (1) as a consent judgment based on the parties' Rule 11 agreement; or (2) as a judgment rendered after a bench trial. *See id.*

*The Trial Court Lacked Authority to Render a Consent Judgment.*

"A Rule 11 agreement is an agreement between parties or attorneys touching any pending suit that, to be enforceable, must be either (1) in writing, signed and filed as part of the record, or (2) made in open court and entered of record." *Gamboa v. Gamboa*, 383 S.W.3d 263, 269 (Tex. App.—San Antonio 2012, no pet.) (citing TEX. R. CIV. P. 11). Here, both parties' attorneys signed the August 30, 2023 Rule 11 agreement, and it was filed as part of the record in this case. TEX. R. CIV. P. 11. But even when an agreement satisfies the procedural requirements of Rule 11, "the parties must consent to the agreement at the time the trial court renders judgment." *Gamboa*, 383 S.W.3d at 269. If one of the parties revokes his consent before the trial court renders judgment, "the party seeking to enforce the settlement agreement must pursue a separate breach of contract claim, which is subject to normal rules of pleading and proof." *Id.*

We hold that Stephen revoked his consent to the Rule 11 agreement by filing his September 22, 2023 first amended answer and his September 28, 2023 motion for reconsideration. The mere filing of Stephen's answer after the execution of the Rule 11 agreement was sufficient to alert Gianinna and the trial court that the case was "contested" rather than agreed. *See Highsmith v. Highsmith*, 587 S.W.3d 771, 777–78 (Tex. 2019) (per curiam) (holding wife's answer filed after execution of mediated settlement agreement "moved the case into the 'contested' category" and precluded trial court from rendering judgment without notice to wife). The general denial in Stephen's answer required Gianinna to put on evidence that Stephen owed and had failed to pay the amounts she claimed. TEX. R. CIV. P. 92; *In re T.R.B.*, 350 S.W.3d 227, 233 (Tex. App.—San Antonio 2011, orig. proceeding). Stephen's answer also specifically argued the trial court should deny the enforcement petition because: (1) "any payment more than four years overdue" was barred by the statute of limitations; (2) Stephen lacked the ability to pay the amounts Gianinna

claimed were owed; and (3) Stephen had already paid part of the amount Gianinna claimed. *See Highsmith*, 587 S.W.3d at 778 (noting parties challenging a settlement agreement "may still avail themselves of applicable statutory defenses or otherwise argue that the agreement should be set aside"). Finally, Stephen's motion for reconsideration specifically challenged the ruling recited in the August 30, 2023 judge's notes and therefore indicated that he did not consent to the entry of a judgment based on that ruling.

Having concluded that Stephen revoked his consent to the Rule 11 agreement, we must determine if he did so before the trial court rendered judgment. "A rendition of judgment is the pronouncement of the trial court of its decision upon the matters submitted to it for adjudication." *Gamboa*, 383 S.W.3d at 270. A rendition of judgment may be either oral or written, but "[t]he judge's intention to render judgment in the future cannot be a present rendition of judgment. . . . The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *S&A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (per curiam) (quoting *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976) (orig. proceeding)); *Gamboa*, 383 S.W.3d at 270.

Here, the trial court stated during the August 30 hearing that Stephen's alleged debt to Gianinna "must be paid," and the judge's notes from the hearing recited "[t]he court's ruling" on a payment schedule.[1] The hearing transcript and judge's notes also show, however, that the trial court intended for the parties "to come to a settlement agreement of their own" and anticipated that they may encounter issues that required further discussion. This record does not support a conclusion that the trial court intended to render judgment on August 30, 2023. *See Leal*, 892

---

[1] While the judge's notes contain the word "ruling," it is well-established that "a judge's notes are for the court's convenience and are not a final, appealable order or judgment." *In re A.K.P.*, No. 04-20-00305-CV, 2020 WL 5027398, at *1 (Tex. App.—San Antonio Aug. 26, 2020, pet. denied) (per curiam) (mem. op.).

S.W.2d at 858; *Gamboa*, 383 S.W.3d at 270 (concluding trial court's oral ruling did not show present intent to render judgment because court "set a deadline for the parties to complete [their] agreement" and advised them "they could return to resolve any issues on which an agreement could not be reached"). The trial court did not clearly indicate a present intent to render judgment until it signed its written order on December 6, 2023—more than two months after Stephen filed the amended answer revoking his consent to the Rule 11 agreement.

Because Stephen revoked his consent to the Rule 11 agreement before the trial court rendered its judgment, "the trial court was not authorized to attempt to resolve the parties' dispute by court order" without conducting a trial on the merits. *In re Park Mem'l*, 322 S.W.3d at 452; *Gamboa*, 383 S.W.3d at 269–70. Gianinna therefore could not successfully enforce either the Rule 11 agreement itself or the contractual alimony provisions of the final divorce decree unless she pursued a breach of contract action on proper pleading and proof. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Gamboa*, 383 S.W.3d at 271; *Barragan v. Nederland Indep. Sch. Dist.*, No. 09-13-00350-CV, 2015 WL 474282, at *3 (Tex. App.—Beaumont Feb. 5, 2015, pet. denied) (mem. op.).

*Stephen Has a Due Process Right to a Trial on the Merits of Gianinna's Claims.*

"A motion to enforce a settlement agreement is a sufficient pleading by which to raise a cause of action for breach of contract." *Barragan*, 2015 WL 474282, at *3. We will therefore assume, without deciding, that Gianinna's March 26, 2019 enforcement petition was sufficient to plead that Stephen breached the contractual alimony provisions of the final divorce decree.[2]

---

[2] Gianinna did not file any pleadings alleging that Stephen breached the Rule 11 agreement. Accordingly, if the trial court rendered judgment for Gianinna because it concluded Stephen breached the Rule 11 agreement, it erred. *See* Tex. R. Civ. P. 301; *Beringer v. Beringer*, No. 04-19-00097-CV, 2020 WL 1545797, at *3 (Tex. App.—San Antonio Apr. 1, 2020, no pet.) (mem. op.) (judgment must be supported by pleadings); *In re Park Mem'l*, 322 S.W.3d at 450–51 (same).

Stephen's live answer alleged, however, that he did not owe the full amount Gianinna sought and that he lacked the ability to pay the full amount. Because Stephen's answer put those factual issues into dispute, he had a due process right "to introduce evidence at a meaningful time and in a meaningful manner, and the right to judicial findings based on the evidence." *Id.* (internal quotation marks omitted). "To allow enforcement of a disputed settlement agreement simply on motion and hearing would deprive a party of the right to be confronted by the appropriate pleadings, assert defenses, conduct discovery, and submit contested fact issues to a judge or jury." *Gamboa*, 383 S.W.3d at 269–70; *see also Castillo*, 279 S.W.3d at 663 ("The validity of a settlement agreement cannot be determined without full resolution of the surrounding facts and circumstances.") (internal quotation marks omitted).

After reviewing the record, we conclude that the trial court resolved the disputed factual issues identified above "simply on motion and hearing" without any of the procedural protections provided by a trial on the merits before a factfinder. *See Gamboa*, 383 S.W.3d at 269–70. It lacked authority to do so. *See, e.g.*, *In re Park Mem'l*, 322 S.W.3d at 452. We therefore sustain Stephen's second sub-issue and reverse the trial court's order on due process grounds.

The only remaining question necessary for the disposition of this appeal is whether we should render judgment denying Gianinna's enforcement petition or remand this matter for further proceedings. *See* Tex. R. App. P. 43.2, 47.1. Ordinarily, "the remedy for a denial of due process is due process"—*i.e.*, the trial to which Stephen is entitled. *See Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995). Stephen argues, however, that we should render judgment in his favor because the record contains no evidence to support Gianinna's claims.

We disagree. It is true, as Stephen notes, that the record appears to indicate the trial court's order was based on its acceptance of the arguments made by Gianinna's counsel during the August

30 hearing. It is also true that unsworn arguments of counsel generally do not constitute competent evidence. *See, e.g.*, *Musculoskeletal Imaging Consultants, LLC v. Jar Enters., Inc.*, 631 S.W.3d 739, 743 (Tex. App.—San Antonio 2021, no pet.). But during that same hearing, Stephen's own counsel unequivocally conceded that Stephen "understands" and "was aware" that the contractual alimony provisions of the final divorce decree required him to make payments to Gianinna; that he had "paid [Gianinna] here and there" under the decree's terms; and that he knew "there's still an order in place[.]" Stephen also represented that his limitations defense applied only to payments that were owed "[f]rom August 2014 to March of 2015"—*i.e.*, the first eight of the 48 payments required by the contractual alimony provisions of the final divorce decree.

The trial court could have reasonably determined that these assertions of fact in open court barred Stephen from disputing that at least some of the contractual alimony remained owed and unpaid. *See Tex. Tax Sols., LLC v. City of El Paso*, 593 S.W.3d 903, 910 (Tex. App.—El Paso 2019, no pet.) (describing binding judicial admissions). However, the trial court could not have reasonably concluded that these statements, without more, were sufficient to award Gianinna the $28,800 in arrearages she sought, plus attorney's fees and court costs.[3] *See, e.g.*, *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 51 (Tex. 1998). In other words, while the record arguably contains legally sufficient evidence to support a finding of liability and at least some amount of damages in Gianinna's favor, the evidence is factually insufficient to support the full amount of the money judgment the trial court awarded to Gianinna. *See id.* Under these circumstances, a remand is necessary to allow the parties to plead and prove their competing claims and defenses arising out of Gianinna's Petition for Enforcement of Spousal Maintenance.

---

[3] The record contains no evidence or argument of counsel regarding Gianinna's attorney's fees and court costs. However, in the interest of justice, we remand those issues for trial alongside the enforcement issues. *See* TEX. R. APP. P. 43.3(b); TEX. FAM. CODE §§ 9.013–.014 (trial court has discretion to award court costs and attorney's fees in suit to enforce divorce decree).

TEX. R. APP. P. 43.3; *see Rife v. Kerr*, 513 S.W.3d 601, 618 (Tex. App.—San Antonio 2016, pet. denied).

## CONCLUSION

We hold the trial court abused its discretion by granting Gianinna's Petition for Enforcement of Spousal Maintenance. We vacate the portions of the trial court's December 6, 2023 order that award Gianinna a wage-withholding order, and we dismiss Gianinna's claim for that relief. We reverse the remainder of the trial court's December 6, 2023 order and remand this matter for a trial on the merits of Gianinna's Petition for Enforcement of Spousal Maintenance.

Lori I. Valenzuela, Justice