In re PARK MEMORIAL CONDOMIN-
IUM ASSOCIATION, INC., Sameer
Soleja, Lynn Tibbe, Michael Kirk,
Barbara Belbot, and Jonathan Simon,
Relators.

No. 14–10–00430–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 14, 2010.

Daryl L. Moore, Richard D. Daly, Jonathan Daniel Simon, Houston, for relators.

Sean Cody, James J. McConn, Jr., Joseph A. Slovacek, John W. Belk, Paul J. McConnell, III, William C. Ferebee, Oscar Trevino Jr., Dominique M. Varner, Jacob Fein, Houston, Olney G. Wallis, Llano, David R. Hunter, Simonette Verdi, Arlington, VA, James Eric Wren III, Waco, Jennifer P. Sanders, Addison, for real party in interest.

Panel consists of Justices BROWN, SULLIVAN, and CHRISTOPHER.

## OPINION

KENT C. SULLIVAN, Justice.

This mandamus proceeding arises from a dispute between a condominium association and some of the condominium residents over the ownership of insurance proceeds. The respondent trial court[1] ordered the relators, Park Memorial Condominium Association, Inc. and its directors (collectively, the "Association"),[2] to distribute the disputed proceeds to the real parties in interest, an assortment of individual unit owners (the "Homeowners"). This mandamus action followed. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); Tex.R.App. P. 52.

We hold the trial court deprived the Association of due process, and abused its discretion, by summarily ordering distribution of the disputed funds in the absence of pleadings actually requesting such relief. Because the rulings in question are void, we conditionally grant mandamus relief.

## I.

### BACKGROUND

In 2008, the Association filed a declaratory-judgment action in the 133rd District Court, asking the trial court to affirm the Association's legal right to sell the Park Memorial Condominium complex. That property, according to several engineering reports, had sustained significant structur-

---

1. Respondent is the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court.

2. The individuals who are party to this mandamus proceeding include Sameer Soleja, Lynn Tibbe, Michael Kirk, Barbara Belbot, and Jonathan Simon.

al damage and, in lieu of making repairs, the Association sought to sell the complex.

However, the Homeowners—a collection of some, but not all, of the unit owners—opposed the Association's plan to sell the property. They filed a separate lawsuit in a different district court,[3] generally accusing the Association and others of failing to properly maintain the complex. They also alleged that the Association and its attorney had mishandled a lawsuit against the property's insurer, Lexington Insurance Company. That lawsuit had resulted in a settlement agreement, through which the Association received some unspecified amount of money from Lexington in settlement of the claims.

Those insurance proceeds—and, specifically, the question of *who* controls them—have become a source of disagreement between the Homeowners and the Association. The Homeowners believe the proceeds should be distributed to the owners of the individual condominium units. Generally, the Association does not oppose disbursement of the proceeds to most of the unit owners but claims a "setoff" as to money to be distributed to the Homeowners because those individuals allegedly interfered with a possible sale of the complex for $17 million.

In October 2009, the Homeowners filed a motion asking the trial court to resolve the parties' conflict by ordering the Association to distribute all of the insurance proceeds to the unit owners. In response, the Association repeatedly objected, over the course of several hearings, that the Homeowners' pleadings do not actually *claim* any entitlement to the proceeds and that the trial court could not grant relief not requested in the Homeowners' pleadings.

Notwithstanding that objection, on April 12, 2010, the trial court granted the Homeowners' motion and instructed the Association to distribute the disputed funds, ruling:

> The Court is of the opinion that the net proceeds of the settlement with Lexington Insurance Company ... are the property of and should be distributed to all owners of condominium units in the Park Memorial Condominium (or their mortgagees, as applicable), and that no funds should be withheld by Park Memorial Condominium Association, Inc. from the owner's or mortgagees' portion of such settlement funds.

The Association objected to the ruling and asked for reconsideration, arguing that the trial court had deprived the Association of due process by summarily disposing of its claims without proper notice, pleadings, or proof. The trial court denied the Association's motion for reconsideration on May 10, 2010.

In addition, the trial court issued a show-cause order requiring the relators to appear before the court on May 18, 2010 to explain their failure to immediately comply with the court's orders. Relators petitioned this Court for a writ of mandamus, and we stayed the trial court's orders pending the resolution of this proceeding. We now lift our stay order and conditionally grant mandamus relief.

## II.

### STANDARD OF REVIEW

■ A relator seeking mandamus must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex.2010) (orig. proceeding) (per curiam). As to the first prong, a trial

---

**3.** That lawsuit, originally filed in the 151st District Court, was later consolidated with the Association's declaratory-judgment action in the 133rd District Court.

court abuses its discretion if it (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, (2) clearly fails to correctly analyze or apply the law, or (3) acts without reference to any guiding rules or principles. *See In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding) (per curiam); *In re Helix Energy Solutions Group, Inc.*, 303 S.W.3d 386, 396 (Tex.App.-Houston [14th Dist.] 2010, orig. proceeding).

Regarding the second prong, in determining the adequacy of relators' appellate remedy, if any, we usually consider whether the benefits outweigh the detriments of mandamus review. *See In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex.2008) (orig. proceeding). However, if the trial court's order is void, as is claimed here, mandamus relief is appropriate and the relator need not show that he has no adequate appellate remedy. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig. proceeding) (per curiam).

## III.

### ANALYSIS

The Association presents at least two arguments in support of its request for mandamus relief. First, the Association contends its due-process rights were deprived because the trial court granted the Homeowners relief that was not requested in their pleadings. Second, the Association contends the Texas Rules of Civil Procedure do not authorize a trial court to resolve a disputed fact issue—here, entitlement to the insurance proceeds—outside of a full trial on the merits, motion for summary judgment, or agreement by the parties. Accordingly, the Association concludes that, by doing so, the trial court acted without reference to guiding rules and principles and therefore abused its discretion. *See Helix Energy*, 303 S.W.3d at 396. We analyze each of these arguments in turn.

### A. Notice of the Homeowners' Requested Relief

Due process, on a fundamental level, requires notice and a fair opportunity to be heard. *See Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex.2004); *Derbigny v. Bank One*, 809 S.W.2d 292, 295 (Tex.App.-Houston [14th Dist.] 1991, no writ). Due process requires a full hearing before a court having jurisdiction, the opportunity to introduce evidence at a meaningful time and in a meaningful manner, and the right to judicial findings based on the evidence. *See Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex.2001); *Derbigny*, 809 S.W.2d at 295; *King v. Lindley*, 697 S.W.2d 749, 752 (Tex. App.-Corpus Christi 1985, writ ref'd n.r.e.); *Jordan v. Jordan*, 653 S.W.2d 356, 358 (Tex.App.-San Antonio 1983, no writ).

Here, notice of the relief sought by the Homeowners—that is, distribution of the insurance proceeds—should have been, but was not, apparent from their pleadings. In fact, their petition did not assert any claim whatsoever to the insurance proceeds.

The primary function of pleadings is to notify the opposing party of one's claims and defenses, as well as the relief sought. *See Herrington v. Sandcastle Condo. Ass'n*, 222 S.W.3d 99, 102 (Tex. App.-Houston [14th Dist.] 2006, no pet.). A trial court cannot grant relief to a party in the absence of pleadings supporting that relief, unless the issue has been tried by

consent.[4] *See Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983) (citing Tex.R. Civ. P. 301); *Binder v. Joe,* 193 S.W.3d 29, 32 (Tex.App.-Houston [1st Dist.] 2006, no pet.). Therefore, we conclude the trial court abused its discretion by granting the Homeowners relief not requested in their pleadings. *See Helix Energy,* 303 S.W.3d at 396.

### B. Summary Disposition of Disputed Fact Issue

In addition, the Association claims the trial court abused its discretion by summarily resolving a disputed fact issue without a trial on the merits, motion for summary judgment, or settlement by the parties. We agree.

The Texas Rules of Civil Procedure provide several procedural vehicles that may be used to resolve a dispute between the parties. Those options include, among other things, the following: trial on the merits, either to a jury or the bench, motions for summary judgment, or agreements by the parties to compromise some or all of a party's claims.[5] *See, e.g.,* Tex.R. Civ. P. 11 (agreements between parties), 166a (summary judgment), 216 (jury trial), 262 (bench trial). Except by these methods, however, a trial court cannot resolve a disputed issue. *See Unitrust, Inc. v. Jet Fleet Corp.,* 673 S.W.2d 619, 623 (Tex. App.-Dallas 1984, no writ) ("A dismissal, when issues are disputed, without affording the parties a right to a full trial on the merits, should only be invoked if the summary-judgment procedure is invoked or if the parties come to an agreement on the issues.").

■ In this case, the parties disagree as to the proper amount of insurance proceeds, if any, that should be distributed to the Homeowners. The Homeowners generally argue the Association, as a fiduciary, was obligated to distribute *all* of the proceeds to the condominium residents. The Association, however, believes it should be entitled to an offset of some of those proceeds because of the Homeowners' allegedly wrongful actions in thwarting a possible sale of the complex.

The Homeowners asked the trial court to rule on the merits of that dispute, but not by summary judgment or bench trial. Instead, they claimed, as they do here, that the parties reached an enforceable Rule 11 agreement [6] that would fully and

---

4. The Homeowners do not contend, and the record would not support any implication, that the Association somehow waived its right to complain about defects in the Homeowners' pleadings. *See* Tex.R. Civ. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."). Instead, the record indicates that the Association *repeatedly* objected to the lack of any pleadings supporting the Homeowners' requested relief.

5. This list is far from exhaustive. Depending on the circumstances, a lawsuit could also be concluded by, for example, a plea to the jurisdiction, special exceptions, special appearance, nonsuit, sanctions, default judgment, or instructed verdict. *See* Tex.R. Civ. P. 85, 91, 120a, 162, 215, 239, 268. In addition, a trial court may, in some circumstances, decide a pure question of law at a pretrial conference. *See* Tex.R. Civ. P. 166(g), *cited in Walden v. Affiliated Computer Servs., Inc.,* 97 S.W.3d 303, 322 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) ("Of course, the trial court's authority in a pretrial conference is limited to deciding legal, not factual, issues."); *but see Martin v. Dosohs I, Ltd.,* 2 S.W.3d 350, 355 (Tex.App.-San Antonio 1999, pet. denied) (noting dismissal at pretrial conference is "not favored"). However, the parties do not contend that any of these rules apply here.

6. Rule 11 provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex.R. Civ. P. 11.

finally dispose of their disagreement. The Association argues, and the mandamus record proves, otherwise.

According to the Homeowners, the Association reportedly agreed to distribute insurance proceeds in exchange for the Homeowners' agreement to permit the sale of the complex. They further claim that, while the parties had not yet worked out the details, their general agreement to that effect was entered into the record at a hearing on November 9, 2009. *See* Tex.R. Civ. P. 11 (contemplating enforcement of agreements "made in open court and entered of record"). According to the mandamus record, however, the Association's attorney expressly denied any such agreement to distribute insurance proceeds:

> Judge, this case involves a declaratory judgment action about whether or not the Park Memorial Homeowners' Association has the right to sell the property. I don't know that the insurance proceeds are actually a part of this lawsuit, so I'd have to go back and look at that, but *I can't agree right now on the record that there's going to be an order that the proceeds be distributed* because that's not part of the pleadings in this case.
>
> . . . .
>
> Right now what's at issue is whether or not the association has the authority to dis—to sell the property, and so *I*

*don't think right now there's actually any jurisdiction for an order that the proceeds be distributed . . . .*[7]

■ We conclude the record clearly fails to demonstrate an enforceable Rule 11 agreement between the parties.[8] Thus, in the absence of a motion for summary judgment or trial on the merits, the trial court was not authorized to attempt to resolve the parties' dispute by court order. *See Unitrust*, 673 S.W.2d at 623. Accordingly, we hold that the trial court, by acting without reference to any guiding rules or principles, abused its discretion. *See Helix Energy*, 303 S.W.3d at 396.

## IV.

### CONCLUSION

■ We conclude the trial court's orders compelling the Association to distribute insurance proceeds are void for lack of jurisdiction,[9] and represent an abuse of the trial court's discretion.[10] Because the orders are void, the Association need not demonstrate it lacks an adequate remedy by appeal. *See Sw. Bell*, 35 S.W.3d at 605.

We lift our stay order issued May 17, 2010. We conditionally grant the petition for writ of mandamus and direct the trial court to set aside its two April 12, 2010 distribution orders. The writ will issue

7. Emphases added.

8. Even were we to infer a valid agreement from the record, which we cannot, nothing would prohibit the Association from withdrawing from such agreement. A judgment cannot be rendered on an agreement when a party has withdrawn from the agreement. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex.2009). In that hypothetical scenario, the aggrieved party's remedy would be to file a separate claim for breach of contract. *See id.*

Moreover, the Homeowners' assertion of a purported Rule 11 agreement does not change the fact that the trial court improperly

ordered distribution of the insurance proceeds without any pleadings requesting such relief.

9. Because a party's pleadings invoke the trial court's jurisdiction to render a judgment, an order not supported by the pleadings is void for lack of jurisdiction. *See Moreno v. Moore*, 897 S.W.2d 439, 442 (Tex.App.-Corpus Christi 1995, no writ).

10. In light of our disposition on these grounds, we need not address the Association's alternative challenges to the trial court's ruling. *See* Tex.R.App. P. 47.1.

only if the trial court fails to act in accordance with this opinion.