**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 6, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00148-CV

IN RE: JOAN BULL, M.D., Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
234th District Court
Harris County, Texas
Trial Court Cause No. 2013-67095

## MEMORANDUM OPINION

On February 20, 2014, relator Joan Bull, M.D., filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Wesley Ward, presiding judge of the 234th District Court of Harris County, to vacate an order denying relator's request to conduct pre-suit investigatory depositions pursuant to Texas Rule of Civil Procedure 202. We deny relator's petition.

**BACKGROUND**

Relator is an oncologist. The real parties in interest are Robert J. Amato, D.O. and Jeffrey Katz, M.D., both of whom are employed by the University of Texas Health Science Center at Houston. In 2012, Amato and Katz participated in a medical peer review committee at Memorial Hermann Hospital for the purpose of evaluating relator's professional performance. Following that review, relator's credentials to practice oncology at Memorial Hermann Hospital expired in October 2012.

In November 2013, relator filed a verified petition pursuant to Texas Rule of Civil Procedure 202, requesting authority to conduct pre-suit investigatory depositions of Amato and Katz. Thereafter, Amato and Katz filed a plea to the jurisdiction and response to relator's petition, in which they opposed relator's requested depositions on multiple grounds. On January 6, 2014, the trial court held a non-evidentiary hearing on relator's petition. After hearing arguments from counsel, the trial court denied relator's petition. Relator asked the trial court for its reasons for denying the petition in order to clarify the record, but the trial court declined to elaborate.

The trial court signed a written order denying relator's petition. The signed order actually is the proposed order submitted by relator, but with handwritten alterations by the trial court. Although the court changed the language in the proposed order granting relator's petition to instead state the court was denying relator's petition, the court did not strike the opening paragraph in which relator recited proposed findings. Thus, despite denying relator's motion, the trial court's

findings state that "[t]he Court . . . believes that the benefit of allowing the proposed depositions outweigh [sic] the burden or expense of the procedure."

Relator filed her petition for writ of mandamus, presenting three issues. First, she argues that the she lacks an adequate remedy by appeal, because orders on Rule 202 petitions are final and appealable only when the identified deponent is someone against whom suit is not anticipated, which is not the case here. Next, relator argues that the trial court abused its discretion by not ordering the depositions after explicitly finding that the benefit of the requested depositions outweighs the burden or expense of the procedure. Finally, relator argues that even if the trial court made an error in finding that the benefits outweigh the burden or expense, the court still abused its discretion by denying relator's petition without expressly finding that the benefits of the requested depositions are outweighed by the expense and burden of the procedure.

## THE MANDAMUS STANDARD

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). As the party seeking

relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

## RULE 202

"A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit." Tex. R. Civ. P. 202.1. The petition requesting such a deposition must satisfy certain procedural requirements, including that it "state the subject matter of the anticipated action, if any, and the petitioner's interest therein," Tex. R. Civ. P. 202.2(e), and that it state "the substance of the testimony that the petitioner expects to elicit from each [deponent], and the petitioner's reasons for desiring to obtain the testimony of each," Tex. R. Civ. P. 202.2(g). "The court must order a deposition to be taken if, but only if, it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." Tex. R. Civ. P. 202.4(a).

## ANALYSIS

Relator argues that the trial court abused its discretion because it had a mandatory duty to order the depositions after it found that the "benefit of allowing the proposed depositions outweigh[s] the burden or expense of the procedure." In

4

so arguing, relator correctly notes that the language in Rule 202 provides that "[t]he court *must* order a deposition to be taken if . . . it finds that . . . the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." Tex. R. Civ. P. 202.4(a)(2) (emphasis added). It appears likely based on the record, however, that the trial court committed an oversight in not striking the findings in relator's proposed order, as the court was explicit at the hearing and in the signed order that it was denying relator's petition. In any event, there is no indication in the record that relator ever brought the discrepancy between the trial court's findings in the signed order and the court's ruling on the petition to the trial court's attention.

"A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (per curiam) (orig. proceeding); *accord In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). The requirement that there be a predicate request and an adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality. *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding). "To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the trial court's consideration." *Le*, 335 S.W.3d at 815. We conclude that bringing the discrepancy between the findings in the trial court's order and its ruling on relator's petition to the trial court's attention would not have been futile, and thus is required in order for relator to be entitled to mandamus relief based on that discrepancy.

5

In reaching this conclusion, we emphasize that relator bases her abuse of discretion argument specifically on the discrepancy between the language of the findings in the order and the court's ruling, and not on the actual merits of relator's Rule 202 petition. Thus, although relator asked the trial court at the hearing to give its reasons for denying her petition and the court refused to provide further explanation,[1] that is not the same as asking the trial court to resolve the obvious discrepancy between findings in the order and the court's ruling on relator's petition. We do not agree based on the record that it would have been futile to bring the discrepancy to the court's attention. Had relator done so, the trial court easily could have resolved the discrepancy, either by striking or altering the findings in the order or by changing its ruling on relator's petition. "Equity is generally not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *Id.* at 814. We therefore decline to grant relator mandamus relief on this ground.

Relator argues in the alternative that the trial court abused its discretion by denying relator's petition without finding that the benefits of taking the depositions are outweighed by the expense and burden of doing so. This is just another iteration of the discrepancy argument already addressed. That a disconnect exists between the findings in the trial court's order and the court's ruling is not in question. But the trial court must be presented with this disconnect and afforded an opportunity to address it before this Court will grant mandamus relief on this basis.

---

[1] The trial court stated, "I signed the order. That's my reason."

6

Although we deny relator's petition, it is without prejudice to relator filing a new mandamus petition related to her Rule 202 petition after she requests that the trial court address the discrepancy between the language of its order and its ruling.

## CONCLUSION

For the foregoing reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Wise.