In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00350-CV
_____

IRMA BARRAGAN, Appellant

V.

NEDERLAND INDEPENDENT SCHOOL DISTRICT,
Appellee

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-191,975

MEMORANDUM OPINION

Appellant Irma Barragan appeals the trial court's enforcement of a purported Rule 11 agreement to settle the lawsuit and dismissal with prejudice of her personal injury lawsuit against appellee Nederland Independent School District ("NISD"). Barragan raises seven issues for our consideration. We reverse the trial court's orders and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

Barragan sued NISD and Janis L. Pokraka for injuries allegedly sustained when Barragan's vehicle, which was sitting at a stop sign, was struck by a NISD bus driven by Pokraka when Pokraka made an improper left turn. Barragan asserted a cause of action for negligence, and she alleged that Pokraka was acting in the course and scope of her employment with NISD when the accident occurred. Barragan also alleged that she suffered significant bodily injuries as a result of the accident, and she asserted claims for both past and future medical expenses, as well as pain and suffering, mental anguish, loss of enjoyment of life, and physical impairment. Barragan pleaded that her damages "greatly exceed the sum of $100,000.00[.]" Barragan eventually filed a motion to non-suit her claims against Pokraka, and the trial court granted the motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.").

NISD asserted a general denial, specifically denied that it is liable in the capacity in which Barragan sued it, and specifically denied liability for money damages in excess of $100,000. NISD also alleged that Barragan was negligent in operating her vehicle and contended any recovery by Barragan should be reduced by her percentage of responsibility. The next document to appear in the clerk's

2

record after Barragan's first amended petition is a letter, dated July 19, 2012, from NISD's counsel, Monica Wilkins, to Barragan's counsel, Cynthia Frederick, in which NISD offered to "settle this case" for $20,000 "inclusive of any and all subrogation claims, healthcare liens, Medicaid liens, Medicare liens, workers' compensation liens, hospital liens and/or child support liens." The letter requested, "[i]f your client agrees to settle for $20,000.00, please sign below and fax this agreement back to me." The letter, which was e-filed with the district clerk on September 25, 2012, contains the signature of Frederick, but does not contain Barragan's signature. On September 27, 2012, Barragan filed a motion to substitute Paul "Chip" Ferguson as her attorney, citing as grounds Frederick's alleged failure to communicate, failure to adequately represent Barragan, and failure "to have or keep the client's best interests[.]"

The next day, NISD filed a "Motion to Enforce Settlement Agreement[,]" in which it contended that the letter signed by Frederick constituted "an enforceable settlement agreement in accordance with Rule 11 of the Texas Rules of Civil Procedure" and "[s]aid agreement constitutes in all things a contract of settlement entered into . . . by the Plaintiff and Defendant." NISD further asserted in its motion that it had emailed a Compromise and Settlement Agreement, Release of Claims, and Covenant Not to Sue, as well as a proposed Final Judgment, to Frederick. Barragan filed a motion for continuance, in which she asserted that she

3

never agreed to the Rule 11 agreement, Frederick lacked Barragan's consent or permission to enter into such an agreement, Frederick lacked authority to enter into the agreement, and the Rule 11 agreement was not filed "until after [Barragan] had discharged Ms. Frederick." Barragan also contended that despite requests from Barragan and Ferguson, Frederick had not provided Barragan with "any of her file materials."

On October 5, 2012, the trial court signed an order granting the motion to substitute, naming Ferguson counsel of record for Barragan, and ordering Frederick to send Barragan's file to Ferguson within ten days. On October 10, 2012, NISD's counsel sent a letter to Ferguson, in which NISD contended that "there was an agreement to settle this case[]" and that "[t]he agreement constitutes a contract which is subject to enforcement." The letter demanded that Barragan tender a signed release and take nothing judgment, and stated that if Barragan refused to comply, NISD would "file a counterclaim for breach of contract" and "seek attorney's fees[.]" Two days later, NISD's counsel sent another letter demanding that Barragan either comply or be sued for breach of contract. However, NISD did not file a counterclaim for breach of contract.

Barragan subsequently filed a response and memorandum of authorities regarding the validity of the Rule 11 agreement. In that pleading, Barragan alleged that she suffered significant injuries as a result of the accident, she had incurred

$22,000 in past medical expenses, and she anticipated that her future medical care would cost $118,000. Barragan pleaded that she had discharged Frederick and retained Ferguson, and that "[i]t was only after learning of the termination of Frederick that Wilkins filed the Rule 11 agreement. Stated another way, Wilkins did not file the Rule 11 agreement until after any authority of Frederick had been revoked[.]"

Attached to the response was Barragan's affidavit, in which she swore that in July 2012, she discussed the $20,000 settlement offer with Frederick, but Barragan never agreed to settle her case. Barragan swore that:

> I was told by [Frederick] that she had already settled my case and that I had no choice. At that point, I was very frustrated and did not understand how or why Ms. Frederick could or would settle my case without my permission. I fired her as my attorney and eventually hired Mr. Ferguson. From the point in time that I fired Ms. Frederick, she was not authorized to act or work on my behalf. Before that time, she had no authority or consent to settle my case for $20,000. . . .
>
> . . . I would have never considered much less accepted a settlement that was less than my medical bills.

Barragan also attached to her response the transcript of Frederick's deposition. Frederick testified in her deposition that in early to mid-September, Barragan called and expressed concern over the amount of her medical bills, and Frederick told Barragan "we've already made a deal[,]" and Barragan responded that "she hadn't signed anything yet." The record reflects that Barragan terminated Frederick's representation of her by a letter dated September 19, 2012. In that

5

letter, Barragan stated that she disagreed with Frederick's evaluation of the value of her case, and that she had told Frederick the settlement offer was "not good[.]"

On October 4, 2012, the trial court conducted a hearing on NISD's motion to enforce the Rule 11 agreement. Frederick was present at the hearing, and she represented to the trial court that she spoke to Barragan by telephone on July 25 "and got clearance to settle. I explained to her the pros and cons. And she said that that would be okay. She agreed at that time." Wilkins argued at the hearing that Barragan, as the principal, is bound by the conduct of her agent, Frederick. Ferguson argued that because the Rule 11 agreement was not filed until after Barragan terminated Frederick, the agreement is no longer valid. On November 27, 2012, the trial court signed an order granting NISD's motion to enforce the Rule 11 agreement. The trial court's order simply stated that NISD's motion to enforce the Rule 11 agreement was granted, but did not make any factual findings or order Barragan to take any particular action.

NISD subsequently filed a motion to dismiss the cause with prejudice, motion to adjudge costs, and request for attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. In the motion, NISD pleaded that it filed the Rule 11 agreement after learning that Barragan had terminated Frederick. NISD also pleaded that "pursuant to CPRC 38.001 proper notice was given to [Barragan] regarding [NISD]'s intent to recover attorney['s] fees[.]" On June 13,

6

2013, the trial court conducted a hearing on NISD's motion to dismiss, and on June 26, 2013, the trial court signed an order granting NISD's motion to dismiss and awarding court costs of $299.64 and attorney's fees of $4839 to NISD, as well as attorney's fees of $4500 for appeal to the Court of Appeals, $3000 in the event Barragan sought review at the Supreme Court, and $3000 if the Supreme Court were to grant review. The trial court's order did not order Barragan to sign a settlement agreement, release, judgment, or otherwise specifically perform any other obligations under the Rule 11 agreement, and it did not award damages to NISD. Barragan then filed this appeal.

## ISSUES THREE AND FOUR

In issue three, Barragan argues that the district court erred in entering a judgment in favor of NISD on a breach of contract (or affirmative defense of compromise and settlement) when no trial was held and no summary judgment was filed. In issue four, Barragan contends the district court erred in awarding attorney's fees under Chapter 38 of the Civil Practice and Remedies Code when no actual damages were awarded. We address these issues together.

When parties reach a settlement agreement in pending litigation, the court may render an agreed judgment as long as no party has withdrawn consent. *See Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). If a party has withdrawn its consent, the settlement may be enforced as a contract if the agreement complies

7

with the requirements of Rule 11 of the Texas Rules of Civil Procedure. *Id.* The agreement may be filed with the trial court even after one of the parties withdraws its consent, but it must be filed before one of the parties attempts to enforce it. *Id.* Rule 11 of the Texas Rules of Civil Procedure provides, in pertinent part, that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. Although the agreement need not be contained in one document, the writings must be complete in every material detail and must contain all of the essential elements of the agreement so that the agreement can be ascertained from the writing without resorting to oral testimony. *Padilla*, 907 S.W.2d at 460.

When a party has withdrawn consent, a court may enforce the settlement only as a written contract. *Id.* at 461; *see Schriver v. Tex. Dep't of Transp.*, 293 S.W.3d 846, 851 (Tex. App.—Fort Worth 2009, no pet.) ("Settlement agreements are governed by the law of contracts.") Thus, the party seeking enforcement must pursue a separate claim for breach of contract, which is subject to the normal rules of pleading and proof. *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *see Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) ("Like any other breach of contract claim, a claim for breach of settlement agreement is subject to the established procedures of pleading and proof."). In

8

actions to enforce settlement agreements, parties have "'the right to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit contested fact issues to a judge or jury.'" *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 799 (Tex. App.—Dallas 2002, pet. denied) (quoting *Cadle Co. v. Castle*, 913 S.W.2d 627, 632 (Tex. App.—Dallas 1995, writ denied)).

Neither the Civil Practice and Remedies Code nor the Rules of Civil Procedure creates a separate standard for enforcing disputed settlement agreements that bypasses the common law pleading and proof requirements. *See Mantas*, 925 S.W.2d at 659 n.2; *Cadle Co.*, 913 S.W.2d at 632; *see also Ford Motor Co. v. Castillo*, 200 S.W.3d 217, 224 (Tex. App.—Corpus Christi 2006), *rev'd on other grounds by Castillo*, 279 S.W.3d at 656. A motion to enforce a settlement agreement is a sufficient pleading by which to raise a cause of action for breach of contract. *Neasbitt v. Warren*, 105 S.W.3d 113, 117-18 (Tex. App.—Fort Worth 2003, no pet.); *Browning v. Holloway*, 620 S.W.2d 611, 615 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.). However, "[t]he validity of a settlement agreement cannot be determined without 'full resolution of the surrounding facts and circumstances.'" *Castillo*, 279 S.W.3d at 663 (quoting *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983)). Due process requires notice and a fair opportunity to be heard. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 450 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). "Due process

9

requires a full hearing before a court having jurisdiction, the opportunity to introduce evidence at a meaningful time and in a meaningful manner, and the right to judicial findings based on the evidence." *Id.*

NISD effectively pleaded a breach of contract claim by filing its motion to enforce. *See Neasbitt*, 105 S.W.3d at 117-18; *Browning*, 620 S.W.2d at 615. However, the trial court did not order Barragan to sign a settlement agreement, release, judgment, or otherwise specifically perform under the Rule 11 agreement, and it did not award monetary damages to NISD. The trial court had before it conflicting evidence from Barragan and Frederick regarding whether Frederick had actual or apparent authority to settle Barragan's case, and with the exception of the monetary amount of the settlement and the liens to which it was intended to apply, no evidence was before the trial court as to the specific terms of the purported settlement agreement. *See Padilla*, 907 S.W.2d at 460. NISD did not present either its motion to enforce the agreement or its motion to dismiss as a summary judgment motion, a request for declaratory judgment, or a motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure, nor did it observe the procedures applicable to seeking such final pretrial dispositions, and the trial court did not conduct a bench trial. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2008); Tex. R. Civ. P. 91a, 166a. The trial court did not resolve any factual issues, nor did it determine that no genuine issues of material fact exist. We

conclude that the trial court erred by adjudicating the validity of the Rule 11 agreement and dismissing Barragan's case with prejudice without either following proper procedures for a final pretrial disposition or conducting a bench trial. *See Park Mem'l Condo.*, 322 S.W.3d at 450; *Castillo*, 279 S.W.3d at 663. Accordingly, we sustain issue three.

Section 38.001 of the Civil Practice and Remedies Code provides that a person may recover reasonable attorney's fees, "in addition to the amount of a valid claim and costs, if the claim is for. . . an oral or written contract." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008). To recover attorney's fees under section 38.001, a party must both prevail on a breach of contract claim and recover damages. *Berg v. Wilson*, 353 S.W.3d 166, 182 (Tex. App.—Texarkana 2011, pet. denied); *Rodgers v. RAB Invs., Ltd.*, 816 S.W.2d 543, 551 (Tex. App.—Dallas 1991, no writ). In this case, the trial court did not award damages to NISD in either its order granting NISD's motion to enforce the Rule 11 agreement or its order dismissing Barragan's case with prejudice. Therefore, NISD is not entitled to recover attorney's fees pursuant to section 38.001. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001; *Berg*, 353 S.W.3d at 182; *Rodgers*, 816 S.W.2d at 551. We sustain issue four. We need not address Barragan's remaining issues, since they would not result in greater relief. *See* Tex. R. App. P. 47.1. We reverse the trial court's orders granting NISD's motion to enforce the Rule 11 agreement,

11

dismissing Barragan's case with prejudice and awarding attorney's fees to NISD, and we remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on April 24, 2014
Opinion Delivered February 5, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.

12