

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00639-CV

Rodolfo Pena **QUESADA**,
Appellant

v.

Arturo **BONILLA** and Tara Bonilla,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-20639
Honorable Marialyn Barnard, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
            H. Todd McCray, Justice
            Velia J. Meza, Justice

Delivered and Filed: May 27, 2026

REVERSED AND REMANDED

Appellant Rodolfo Pena Quesada challenges a final judgment rendered in favor of appellees Arturo Bonilla and Tara Bonilla (collectively, "Bonilla"), involving a mediated settlement agreement. We reverse and remand to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

Following a hailstorm wherein his house sustained significant damage, Bonilla hired Quesada, also doing business as Allright Construction[1] (collectively, "Quesada"), as a contractor to make several repairs to Bonilla's house, including replacing the tile roof. After providing substantial work on Bonilla's house, and after the roof tiles were delivered to Bonilla's house, Quesada's roofing crew was denied access to Bonilla's property to replace the roof. When Quesada inquired as to why his crew was not allowed to enter Bonilla's property, Quesada was informed not to return to work. Bonilla did not return the roof tiles purchased by Quesada.

Subsequently, Quesada sued Bonilla for breach of contract, negligence, and negligent misrepresentation based on Bonilla's failure to pay Quesada the amounts remaining due for work performed and for the roof tiles retained by Bonilla. In turn, Bonilla counterclaimed alleging Quesada committed several violations of the Deceptive Trade Practices Act and engaged in the unauthorized practice of public adjusting, regarding fraudulent requests for additional insurance funds. Bonilla also asserted that because of Quesada's deceptive trade practices, Bonilla was entitled to retain the roof tiles.

Following a one-day mediation held on April 19, 2024, Bonilla and Quesada both signed a mediated settlement agreement ("MSA"), providing for both parties "to walk away from their respective claims in exchange for full mutual releases, dismiss the [l]itigation with prejudice, and covenant not to sue one another again for the claims made in the [l]itigation."

---

[1] We note Quesada originally sued on behalf of himself, doing business as Allright Construction, and Allright Construction, LLC. Nevertheless, Bonilla filed special exceptions claiming he did not contract with Allright Construction, LLC; but rather, he only contracted with Quesada d/b/a Allright Construction. Through an agreed order, the trial court granted Bonilla's special exceptions and directed Quesada to amend his petition to remove Allright Construction, LLC. Based on our review, Quesada did not amend his petition, but the trial court's final judgment excludes Allright Construction, LLC, and only applies to Quesada d/b/a Allright Construction. We will follow the trial court's final judgment excluding Allright Construction, LLC as well.

Soon thereafter, Quesada's counsel who represented him during the mediation filed a motion to withdraw representation contending a conflict of interest arose between him and Quesada necessitating the withdrawal. At the hearing, Quesada expressed his objection to the MSA, stating he was never informed it was an MSA. The trial court granted the attorney's motion to withdraw but also informed Quesada about filing a motion to set aside the MSA based on Quesada's objection to the MSA expressed during the hearing. Quesada filed his motion to set aside the MSA on May 29, 2024 asserting he experienced a nervous breakdown and signed the document when he was "in a frantic state of mind."

On May 30, 2024, Bonilla filed a motion to enforce the MSA, asserting Quesada breached the contract—the MSA—by failing to comply with the MSA's terms to dismiss his claims against Bonilla. At the June 7, 2024 hearing to enforce the MSA, Quesada continued to object to the MSA, explaining he signed it under duress. Later that day, the trial court granted Bonilla's motion to enforce the MSA, dismissed Quesada's lawsuit with prejudice against Bonilla, and ordered Quesada to pay Bonilla $4,900 in attorney's fees.[2]

Quesada filed a motion for new trial that was overruled by operation of law. Quesada appeals.

**APPLICABLE LAW AND STANDARD OF REVIEW**

"If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract." TEX. CIV. PRAC. & REM. CODE § 154.071(a). However, "the parties must consent to the agreement at the time the trial court renders judgment." *Gamboa v. Gamboa*, 383 S.W.3d 263, 269 (Tex. App.—San Antonio

---

[2] Although the trial court's June 7, 2024 ruling rendered after the hearing is entitled "Order," we consider it as the trial court's final and appealable judgment disposing of the case. The order will be referred to as the trial court's final judgment throughout this opinion.

2012, no pet.). Conversely, if a party revokes his consent to the settlement, "[t]he settlement agreement alone is insufficient to provide a basis for judgment because it deprives a party of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit contested fact issues to a judge or jury." *In re Est. of Denison*, No. 11-04-00058-CV, 2005 WL 2404046, at *1 (Tex. App.—Eastland Sept. 29, 2005, pet. denied) (mem. op.). A disputed settlement agreement may not be enforced "simply on motion and hearing[.]" *Gamboa*, 383 S.W.3d at 269–70. "When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court." *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983).

"Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement" through a breach of contract action. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). This action "is subject to normal rules of pleading and proof." *Gamboa*, 383 S.W.3d at 269. Like any disputed claims, a breach of contract action involving a settlement agreement may be resolved by "trial on the merits, either to a jury or the bench, motions for summary judgment, or agreements by the parties to compromise some or all of a party's claims." *In re Park Mem'l Condo. Ass'n*, 322 S.W.3d 447, 451 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). "Except by these methods, however, a trial court cannot resolve a disputed issue." *Id*. "The law does not recognize the existence of any special summary proceeding for the enforcement of a written settlement agreement, even one negotiated and executed in the context of a mediation." *Pena v. Smith*, 321 S.W.3d 755, 758 (Tex. App.—Fort Worth 2010, no pet.).

"A trial court's decision whether a settlement agreement should be enforced as an agreed judgment or must be the subject of a contract action requiring additional pleadings and proof is

subject to the abuse of discretion standard of review." *Lewoczko v. Crews*, No. 09-18-00432-CV, 2020 WL 6494207, at \*3 (Tex. App.—Beaumont Nov. 5, 2020, no pet.) (mem. op.); *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or made without reference to guiding rules and principles. *See Lewoczko*, 2020 WL 6494207, at \*3.

### APPLICATION

*1. Did Quesada revoke his consent to the agreement before the rendition of judgment?*

A party who gives notice through a filing before the rendition of judgment indicating the party's revocation of consent to the trial court's entry of judgment enforcing the agreed settlement is sufficient to effectively withdraw consent to an agreed judgment. *See Longhorn Tejas Prop. Builders LLC v. VGB San Diego LLC*, No. 04-24-00216-CV, 2025 WL 1452563, at \*4 (Tex. App.—San Antonio May 21, 2025, no pet.); *St. Raphael Med. Clinic, Inc. v. Mint Med. Physician Staffing, LP*, 244 S.W.3d 436, 443 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The trial court rendered its final judgment June 7, 2024, dismissing Quesada's claims and Bonilla's counterclaims. Quesada, however, filed his motion to set aside the MSA on May 29, 2024, putting Bonilla and the trial court on notice that Quesada did not agree to the entry of a consent judgment. Consequently, the trial court could only enforce the MSA through a breach of contract action on proper pleading and proof. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009).

*2. Did the trial court enforce the MSA on proper pleading and proof?*

"'A motion to enforce a settlement agreement is a sufficient pleading by which to raise a cause of action for breach of contract.'" *Longhorn*, 2025 WL 1452563, at \*4 (quoting *Barragan v. Nederland Indep. Sch. Dist.*, No. 09-13-00350-CV, 2015 WL 474282, at \*3 (Tex. App.—Beaumont Feb. 5, 2015, pet. denied) (mem. op.)). Here, Bonilla's motion to enforce the settlement

agreement, which included a copy of the MSA as an exhibit, generally alleged the MSA was "a valid, binding, and enforceable contract" that Quesada breached by failing to honor the terms of the agreement. Thus, Bonilla's motion sufficiently asserted a breach of contract claim. *See id*. Our resolution of this issue, therefore, turns on whether the June 7, 2024 hearing that resulted in the trial court's final judgment was "an evidentiary hearing, which was akin to a bench trial[.]" *Garcia v. Salazar*, No. 04-18-00191-CV, 2018 WL 4208843, at *2 (Tex. App.—San Antonio Sept. 5, 2018, pet. denied) (mem. op.); *see also Lewoczko*, 2020 WL 6494207, at *4.

During the hearing, Bonilla asserted that because Quesada signed the MSA but failed to abide by the requirements set forth in it, Quesada breached the MSA. Bonilla contended Quesada understood the MSA and had the benefit of counsel's advice on whether he should sign the MSA. Bonilla referred to Quesada's attempt to set aside the MSA as "buyer's remorse[.]"

On the other hand, Quesada contended he felt he was not represented by counsel during the mediation, but rather, felt his hired counsel and the mediator coerced him into signing the MSA "under duress." Quesada argued he suffered from various medical issues, including diabetes and other mental and physical limitations resulting from a brain injury caused from a severe accident. He also argued the pressure from the mediation caused him to suffer some sort of mental breakdown. Quesada stated that the only time his counsel spoke to him during the eight-hour mediation is when the mediator "was having difficulty [convincing him] to take this offer."

At the conclusion of the hearing, the trial court took the matter under advisement. The final judgment states, "After considering the Motion [to enforce the MSA], the exhibits attached thereto[,] and argument of counsel and [Quesada], the Court GRANTS the Motion." In this case, like *Longhorn*, "[t]he order did not recite that the court considered any testimony or documentary evidence other than the mediated settlement agreement, and we see nothing in the record indicating

that it did so." *Longhorn*, 2025 WL 1452563, at \*4; *see also Denison*, 2005 WL 2404046, at \*1 (concluding that a settlement agreement alone is insufficient to support judgment where agreement is contested).

Thus, as in *Longhorn*, here, the trial court's June 7, 2024 hearing was not an evidentiary hearing, and therefore, we cannot conclude the trial court conducted a bench trial on the merits of Bonilla's breach of contract claim. *See Longhorn*, 2025 WL 1452563, at \*5. Because the trial court lacked authority to enforce the MSA "simply on motion and hearing" without Quesada's consent, it abused its discretion by signing a final judgment enforcing the MSA.[3] *See id.*; *see also Gamboa*, 383 S.W.3d at 269, 272.

We sustain Quesada's appellate issue.

## CONCLUSION

Accordingly, we reverse the trial court's final judgment in trial cause number 2020-CI-20639 and remand the cause to the trial court for proceedings consistent with this opinion.[4]

Irene Rios, Justice

---

[3] Both during the June 7, 2024 hearing and on appeal, Quesada and Bonilla disagree as to whether the MSA applied to trial cause numbers 2020-CI-20639 and 2020-CI-20532. Although the record on appeal refers to the inclusion of trial cause number 2020-CI-20532, the trial court's June 7, 2024 final judgment on this record only applies to trial cause number 2020-CI-20639. Thus, we consider only trial cause number 2020-CI-20639 for purposes of this appeal and make no decision applicable to trial cause number 2020-CI-20532.

[4] All pending motions filed by either party are denied. Among these motions, Quesada filed motions for leave of court to file additional amended briefs that he filed along with his motions. We note that even had this court considered the amended briefs, our disposition of this case would remain the same, as the arguments contained within his amended briefs would not have provided Quesada any further relief than as granted in this opinion.